# EXECUTORS AND ADMINISTRATORS—LIMITATION OF ACTIONS.

[Hamilton (1st) Circuit Court, February 15, 1908.]

Swing, Giffen and Smith, JJ.

*MARY FLORENCE GLENN ET AL. v. FRANK EICHER.

THE TWO YEARS' LIMITATION DOES NOT RUN AGAINST CLAIM OF WIFE TO WHICH SHE WAS ENTITLED TO BE SUBROGATED FROM HER HUSBAND'S ESTATE.

The limitation prescribed by Sec. 6113 Rev. Stat. as to claims against decedent's estates, does not bar her administrator from recovering against her deceased husband's estate an amount, paid by a wife out of her separate estate to liquidate his indebtedness, for which she was entitled to be subrogated.

J. J. Gasser, for plaintiffs in error.

Closs & Luebbert, for defendant in error.

SMITH, J.

We are of the opinion that the judgment of the court below should be affirmed.

---

*Affirming, *Eicher* v. *Darby*, 17 Dec. 780.

, Hamilton County.

In addition to the stock and fixtures set off by the appraisers of the estate of Martin S. Glenn to Bridget Glenn, there was the sum of $500. She also paid debts of Martin S. Glenn out of her own separate estate. The evidence shows that she received no part of this $500, nor was she ever reimbursed for the debts of Martin S. Glenn's estate that she paid.

We see no reason why her administrator should not recover for the benefit of her estate the $500, which was not paid to her, and the amount paid by her to liquidate her husband's indebtedness, to which she is entitled under the doctrine of subrogation. We do not think that Sec. 6113 Rev. Stat., relating to limitation of actions by creditors, will bar her administrator from recovering for the benefit of her estate what was due her from the estate of her husband. This might be said to be her separate estate; they are debts due from her husband's estate, and having her administrator receive these amounts is not taking away from the children of Martin S. Glenn any part of their father's estate, for the debts of his estate should be paid.

The other grounds of error complained of by the plaintiffs in error we do not think are tenable.

Judgment affirmed.

**Swing** and **Giffen, JJ.,** concur.